# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERALD HOWLIET
                        Petitioner,

v.                                                      Civil Action No. 5:12CV14
                                                        (Judge Stamp)

TERRY O'BRIEN, Warden

                        Defendant.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 27, 2012, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction imposed in the United States District Court for the Southern District of Illinois. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

The petitioner was convicted in the United States District Court for the Southern District of Illinois following a jury trial of possession with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C), and of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On September 17, 2007, the petitioner was sentenced to the custody of the Bureau of Prisons ("BOP") to serve a life sentence on the cocaine conviction; 360 months imprisonment on the heroin conviction; and 120 months imprisonment on the firearms conviction, to run consecutively. Petitioner appealed his sentence to the United States Court of Appeals for the Seventh Circuit, but on September 9, 2008, his sentence was affirmed on direct appeal. On June 29, 2009, Petitioner filed a Motion to Vacate, Set Aside, or

Correct his sentence under 28 U.S.C. §2255, and on December 28, 2010, it was denied and the case was dismissed. Petitioner then filed a Motion for a Certificate of Appealability, and on August 1, 2011, the Seventh Circuit denied his request for a certificate. Petitioner now attacks the validity of his conviction via a §2241 petition in which he asserts that he was wrongly charged as a felon in possession of a firearm although he had never been convicted of an offense.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[1] the prohibition against successive petitions, or a

---

[1] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.
The limitation period shall run from the last of:
a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental

2

procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, the crime for which the petitioner was convicted remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy

---

                action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. Here, the petitioner's conviction became final when the time for filing a direct appeal expired. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000), The time for filing his direct appeal expired ten days after the written judgment of conviction was entered on the criminal docket. See Fed. R.Ap. P. 4(b)(A)(1), (6). Accordingly, the petitioner's conviction became final on, or about September 19, 2008. Therefore, he had until September 20, 2009, to file a § 2255 petition, and he is now time-barred from filing such a petition.

and has improperly filed a § 2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

On or before **March 30, 2012**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 16, 2012

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE