# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**GERALD HOWLIET,**

    Petitioner,

v.                                              **Civil Action No. 5:12-CV-14**
                                                            **(Bailey)**

**TERRY O'BRIEN,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Doc. 12]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on March 16, 2012 [Doc. 12]. In that filing, the magistrate judge recommended that this Court deny and dismiss the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] with prejudice [Doc. 12 at 4].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on March 19, 2012 [Doc. 13]. The petitioner timely filed his objections on March 29, 2012 [Doc. 14]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

In a proceeding before the United States District Court for the Southern District of Illinois, Gerald Howliet was convicted of (1) possession with intent to distribute cocaine base and heroin and (2) being a felon in possession of a firearm. See **United States v. Farmer**, 543 F.3d 363, 363, 376 (7th Cir. 2008). The petitioner appealed his conviction on the theory that certain evidence should have been suppressed because the relevant search warrant lacked probable cause. *Id.* at 376-78. The Seventh Circuit Court of Appeals ("Seventh Circuit") found that the warrant was supported by probable cause and affirmed the petitioner's conviction. *Id.* at 378. The petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2255 with the United States District Court for the Southern District of Illinois; the section 2255 petition was denied on December 28, 2010 [*See* Doc. 1 at 3]. On January 25, 2012, the petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 with this Court on the ground that "[he] is actually innocent of being a Felon in Possession of a Firearm" [*Id.* at 4]. The petitioner argues that he was wrongly convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) because he did not serve a term of imprisonment that exceeded one year for the

underlying felony offense [Doc. 1-2; Doc. 14].

## II.  Applicable Law

Individuals convicted in federal court are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255. ***In re Vial***, 115 F.3d 1192, 1194 (4th Cir. 1997). If section 2255 proves "inadequate or ineffective to test the legality of [the] detention," then the petitioner may file a section 2241 writ of habeas corpus. ***Id.***, *relying on* 28 U.S.C. § 2255. The Fourth Circuit Court of Appeals ("Fourth Circuit") has ruled that section 2255 is inadequate and ineffective to test the legality of a conviction when three elements have been met. ***In re Jones***, 226 F.3d 328, 333-34 (4th Cir. 2000).  First, "at the time of the conviction, settled law of [the relevant] circuit or the Supreme Court established the legality of the conviction . . .." ***Id.***  Second, after the convicted individual has completed his or her appeal and first section 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." ***Id.***  Third, the convicted individual "cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." ***Id.***

## III.  Discussion

In the R&R, the magistrate judge concluded that "the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition" [Doc. 12 at 3-4].  Petitioner filed his objections to the magistrate judge's R&R on March 29, 2012 [Doc. 14].  In his objections, petitioner attempts to argue that he meets the second ***Jones*** element because he "has [n]ever been convicted of [a felony] offense" [Doc. 14 at 3].

A petitioner must establish that he or she is entitled to review under section 2241 before he or she may raise an actual innocence claim. **Bousley v. United States**, 523 U.S. 614, 623 (1998). In this case, the petitioner cannot establish that section 2255 is an inadequate remedy. Without addressing the first and third **Jones** requirements, this Court finds that the petitioner has not demonstrated the second requirement that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." In his petition, the petitioner attacks his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); however, this is still considered unlawful activity. See 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.")[1] Without meeting this second requirement, the petitioner cannot fulfill the **Jones** requirements, even if he were able to meet the other two requirements. Because the petitioner does not fulfill the **Jones** requirements, he has not demonstrated that section 2255 is inadequate and ineffective to test the legality of a conviction. See **Vial**, 115 F.3d at 1194; 28 U.S.C. § 2255(e). Therefore, this Court hereby **OVERRULES** the petitioner's objection.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court

---

[1] The petitioner argues that his underlying felony conviction, which served as the basis for his felon in possession of a firearm conviction, was not a felony because he did not serve a term of imprisonment that exceeded one year. The Court does not address the substance of this argument because the petitioner has failed to fulfill the **Jones** requirements. However, this Court notes for the petitioner's benefit that the statute refers to a crime *punishable* by imprisonment for a term exceeding one year, not to an actual punishment of imprisonment that exceeds one year.

that the magistrate judge's Report and Recommendation **[Doc. 12]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Further, the petitioner's Objections **[Doc. 14]** are **OVERRULED**.  Accordingly, the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED**.  As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.  The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 15, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE